1  E. KATE PATCHEN (NYRN 4104634)
2  JEANE HAMILTON (CABN 157834)
   ALEXANDRA J. SHEPARD (CABN 205143)
3  Trial Attorneys
   U.S. Department of Justice, Antitrust Division
4  450 Golden Gate Avenue
   Box 36046, Room 10-0101
5  San Francisco, CA 94102
6  Telephone: (415) 934-5300
   Jeane.hamilton@usdoj.gov
7
8  Attorneys for the United States
9
10                    UNITED STATES DISTRICT COURT
11                    EASTERN DISTRICT OF CALIFORNIA
12 UNITED STATES OF AMERICA

   **SUPERSEDING STIPULATION AND
   PROTECTIVE ORDER RE:
   DISSEMINATION OF DISCOVERY
   MATERIALS**

13
14            v.
15 KENNETH KEYES and
16 LEROY WEBER,                                    No. 17-CR-0188 GEB
17            Defendant.
18
19
20       IT IS HEREBY STIPULATED AND AGREED among the parties that the materials
21 provided as discovery in this case to defense counsel are subject to a Protective Order.
22       The parties agree that discovery in this case contains "Protected Materials," which are
23 defined here as reports of interviews, grand jury testimony, documents produced to the grand
24 jury or its agents, correspondence or agreements with the government attorneys, documents
25 voluntarily provided to the government, expert discovery, criminal background checks, and
26 victim and witness social security numbers, passport information, driver's license numbers, dates
27 of birth, addresses, telephone numbers, and email addresses. The Protective Order signed in this
28

SUPERSEDING STIPULATION AND PROTECTIVE ORDER
No. 17-CR-0188-GEB                                  1

case extends to all Protected Materials provided, including those concerning conduct not directly charged.

By signing this Stipulation, defense counsel agree that the Protected Materials are being entrusted to counsel only for the purpose of representing their client in this criminal case. The Protected Materials shall be used solely for the purpose of conducting pretrial, trial, and appellate proceedings in this case and for no other purposes, and shall not be used for the economic benefit of any Party or for the benefit of any third party. Further, defense counsel agree not to share any Protected Materials with anyone other than their designated defense investigators, experts, support staff, and certain non-parties as described below. Defense counsel may permit the defendant (defined to include current employees, officers, and directors) to review the Protected Materials and be aware of their contents, but defendant shall not be provided any copies of the Protected Materials that have not been redacted to remove confidential information, which includes, but is not limited to dates of birth; social security numbers; passport information; credit card, bank account, or other financial account numbers; and driver's license numbers. It shall not be necessary for defense counsel to redact any confidential information where the individual who is provided the document is the author, addressee, or recipient of the document, as indicated on the document's face. Any person receiving Protected Materials or a copy of Protected Materials from counsel for the defendant shall be bound by the same obligations as counsel and further may not give the Protected Materials to anyone (except that the protected documents shall be returned to counsel).

The defendant, including its counsel, agrees not to show to any non-parties copies of the Protected Materials that have not been redacted to remove confidential information, or to provide copies to non-parties except as needed for the defense of the criminal action, and only if the non-party signs the attached Acknowledgement of Protective Order. If defendant wishes to utilize the services of any non-party, including but not limited to an investigator, expert, or other individual, to review the Protected Materials in connection with the preparation of a defense, prior to receiving access to the materials such individual must sign a copy of the Acknowledgment of Protective Order attached to a copy of this Order.

Notwithstanding the foregoing, defendant's counsel, staff, experts, and investigators may make copies of the Protected Materials for trial preparation and presentation. Any copies must, however, remain in the possession of the defendant's counsel, investigator, staff, experts, or the Court.

Nothing herein shall prevent the defendant from using, referring to, or reciting from the Protected Materials in connection with pleadings or motions filed in this case, provided that such materials shall be filed under seal and/or submitted to the Court for *in camera* inspection if the defendant has good reason to understand that the Protected Material contains confidential information as here described or trade secrets. The standard procedures for filing a document under seal shall apply.

The use of Protected Material at pre- or post-trial hearings or at trial will be resolved at or before the time of the trial or hearing. The Protected Material that defendant receives shall not be used in any civil litigation, unless such material was produced or received in such civil litigation. Furthermore, except as provided herein, the Protected Material received by defendant shall not be provided to anyone who is not a signatory to this Stipulation and Protective Order.

In the event that a defendant substitutes counsel, undersigned defense counsel each agrees to withhold these documents from new counsel unless and until substituted counsel agrees also to be bound by this Order.

//
//
//
//
//
//
//
//
//

SUPERSEDING STIPULATION AND PROTECTIVE ORDER
No. 17-CR-0188-GEB                                              3

At the conclusion of the above-captioned case (including but not limited to any post-trial proceedings or appeal), the defendant agrees to either destroy all Protected Material or return the Protected Material as directed by the producing party.

Dated: June 1, 2018

        /s/
DAVID MCLANE
Counsel For LEROY WEBER

Dates: June 1, 2018

        /s/
MIA CRAGER
Counsel for KENNETH KEYES

Dated: June 1, 2018

        /s/
JEANE HAMILTON
Trial Attorney
Antitrust Division
United States Department of Justice

**IT IS SO ORDERED:**

Dated: June 4, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

# ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Stipulation and Protective Order Re: Dissemination of Discovery Materials ("Protective Order") issued in *United States v Kenneth Keyes and Leroy Weber*, No. 17-CR-0188-GEB (E.D. Cal.); has read, understands, and agrees to the terms of the Protective Order; and hereby submits to the jurisdiction of the United States District Court for the Eastern District of California for the purposes of enforcement of the terms of the Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code/Telephone Number