MIKAL J. CONDON (CABN 229208)
CHRISTOPHER J. CARLBERG (CABN 269242)
NOLAN J. MAYTHER (CABN 319471)
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Rm. 10-0101
San Francisco, CA 94102-3478
Telephone: (415) 934-5300
Fax: (415) 934-5399
Email: Nolan.Mayther@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-00188-GEB |
| v. | United States' Unopposed Application for an Order Authorizing Disclosure of Taxpayer Return Information; and for Protective Order |
| KENNETH KEYES and LEROY WEBER, | |
| Defendants. | |

The United States of America respectfully moves the Court for an order allowing the government to make disclosure of taxpayer returns and return information under 26 U.S.C. § 6103(i)(4)(A)(ii), in order for the government to comply with its obligations pursuant to 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland* and its progeny. The United States further moves the Court to enter a protective order. As grounds for this application, the government states as follows:

1.       On October 19, 2017, a federal grand jury in the Eastern District of California returned a one-count Indictment alleging that defendants Kenneth Keyes and Leroy Weber conspired to defraud the United States in violation of 18 U.S.C. § 371.

*///*

2.       On June 1, 2018, the United States applied for an *ex parte* order directing the Internal Revenue Service to disclose the tax returns and return information of defendant Kenneth Keyes under 26 U.S.C. § 6103(i)(1) for the 2008-2014 tax years.  (Dkt. No. 25.)  Specifically, 26 U.S.C. § 6103(i)(1)(A)(i) authorizes disclosure of returns and return information for use in federal proceedings pertaining to "the enforcement of a specifically designated Federal criminal statute (not involving tax administration) to which the United States or such agency is or may be a party. . . ."  The Court issued the order on June 4, 2018.  (Dkt. No. 26.)

3.       Pursuant to the order, the Internal Revenue Service disclosed defendant Ken Keyes's "returns" and "return information" as defined by 26 U.S.C. § 6103(b)(1) and (2) for the taxable periods 2008-2014.

4.       Sections 6103(b)(1) and 6103(b)(2) define "return" and "return information" to include, inter alia, all tax and information returns filed pursuant to Title 26 and any information regarding a taxpayer's identity, the nature and source of a taxpayer's income and expenses, tax liability, tax deficiency, tax payments, and "any other data, received by, recorded by, prepared by, furnished to, or collected by" the Secretary of the Treasury.

5.       Returns and return information under Section 6103(b) may be disclosed in a "judicial or administrative proceeding pertaining to the enforcement of a specifically designated Federal criminal statute . . . to the extent required by an order of the court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure."  26 U.S.C. § 6103(i)(4)(A)(ii).

6.       This proceeding constitutes a "judicial or administrative proceeding pertaining to the enforcement of a specifically designated Federal criminal statute" under 26 U.S.C. § 6103(i)(4)(A) because the United States is seeking to enforce a criminal statute, 18 U.S.C. § 371 (conspiracy to defraud the United States).  The "returns" and "return information" are subject to disclosure in this proceeding under Rule 16 because they may be material for preparing a defense and the government intends to use them in its case-in-chief at trial.  *See* Fed. R. Crim. P. 16(a)(1)(E).

7.       The government now seeks to disclose to defendants "returns" and "return information," including 1040 forms, W-2s, and taxpayer transcripts, to satisfy the government's obligations under Rule 16 of the Federal Rules of Criminal Procedure.

8.      The government intends to produce this material in discovery to defendants.  All materials that the government produces to the defense are solely for the use of defendants, their attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for trial in this case.  The government seeks a protective order to prevent the unauthorized dissemination, distribution, or use of the tax returns or return information of others.

The United States hereby respectfully moves this Court for an Order:

1.      Authorizing the disclosure pursuant to 26 U.S.C. § 6103(i)(4)(A)(ii), and Rule 16 of the Federal Rules of Criminal Procedure, of the "returns" and "return information" disclosed by the Internal Revenue Service pursuant to the Court's June 4, 2018 order; and

2      Prohibiting, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the unauthorized dissemination of any personal or financial information of others disclosed by the government in connection with this matter.

Dated: February 26, 2019.

Respectfully submitted,

*/s/ Nolan J. Mayther*
MIKAL J. CONDON
CHRISTOPHER J. CARLBERG
NOLAN J. MAYTHER
Trial Attorneys
United States Department of Justice
Antitrust Division

1  MIKAL J. CONDON (CABN 229208)
   CHRISTOPHER J. CARLBERG (CABN 269242)
2  NOLAN J. MAYTHER (CABN 319471)
   Trial Attorneys
3  U.S. Department of Justice
   Antitrust Division
4  450 Golden Gate Avenue, Rm. 10-0101
   San Francisco, CA 94102-3478
5  Telephone: (415) 934-5300
   Fax: (415) 934-5399
6  Email: Nolan.Mayther@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-00188-GEB |
| v. | Order Authorizing Disclosure of Taxpayer Return Information; and [Proposed] Protective Order |
| KENNETH KEYES, and LEROY WEBER, | |
| Defendants. | |

## **ORDER**

Upon motion of the government and for good cause shown, IT IS HEREBY ORDERED that:

1.     The government, pursuant to Title 26, U.S.C. § 6103(i)(4)(A), may disclose to defendants Kenneth Keyes, Leroy Weber, and their attorneys, defendant Kenneth Keyes's "returns" and "return information" from the taxable years 2008 to 2014 in order to satisfy its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and *Brady v. Maryland* and its progeny. For purposes of this Order, "return" and "return information" shall be defined as set forth in Section 6103.

///

///

///

DISCLOSURE ORDER AND PROTECTIVE ORDER             1

IT IS FURTHER ORDERED that:

3.    Defendants Kenneth Keyes, Leroy Weber, and their attorneys, and all other individuals or entities assisting defendants who receive materials in connection with this case are prohibited from directly or indirectly providing access to, or otherwise disclosing "returns" or "return information" as defined in Section 6103.  Authorized use of returns and return information related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.  Defendants and their attorneys are to use the returns and return information produced to them pursuant to this Order only for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

4.    Defendants Kenneth Keyes, Leroy Weber, and their attorneys, and all other individuals or entities who receive returns or return information in connection with this case, shall maintain all returns and return information in a manner consistent with the terms of this Order.  Returns and return information produced to the defense after entry of this Order shall be stored in a secure manner in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE."  Electronic materials containing protected information produced to the defense and printouts obtained from such electronic materials shall be handled in the same matter.

5.    Defendants Kenneth Keyes and Leroy Weber, and their attorneys are required to give a copy of this Order to all individuals or entities engaged or consulted by the defense in preparation for trial in this case.  A violation of this Order by defendants Kenneth Keyes, Leroy Weber, and their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

6.    Within 90 days of the conclusion of this case, including all related appeals, all documents containing returns or return information produced pursuant to this Order, and all copies thereof (other than exhibits of the Court), shall be returned to the Antitrust Division of the United States Department of Justice.  Alternatively, defendants Kenneth Keyes, Leroy Weber, and their attorneys may inform the Antitrust Division in writing that all such copies have been destroyed.

///

///

///

1    7.    The provisions of this Order shall not terminate at the conclusion of this criminal

2    prosecution.

3        IT IS SO ORDERED.

4    Dated:  February 26, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE