JACKLIN CHOU LEM (CBN 255293)
CHRISTOPHER J. CARLBERG (CBN 269242)
NOLAN J. MAYTHER (CBN 319471)
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, California 94102-3478
Telephone: (415) 934-5300
Facsimile: (415) 934-5399
jacklin.lem@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH KEYES and<br>LEROY WEBER,<br><br>Defendants. | CASE NO. 2:17-CR-00188-JAM<br><br>**UNITED STATES' REPLY TO KENNETH KEYES'S OPPOSITION AND ORDER**<br><br>DATE: August 2, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

The time between April 5, 2021 and August 2, 2021 should be excluded under the Speedy Trial Act as to both defendants. The Speedy Trial Act provides that time is excluded "when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted," as long as the period of delay is "reasonable." 18 U.S.C. § 3161(h)(6). In assessing whether a delay is "reasonable" the Court can consider "[w]hether the totality of the circumstances warrants a conclusion that the delay was unreasonable." *United States v. Messer*, 197 F.3d 330, 338 (9th Cir. 1999).

Defendant Keyes's assertion that a four-month delay is unreasonable overlooks the circumstances caused by the COVID-19 pandemic. Pandemics, like a natural disaster or other emergencies, grant this Court the discretion to order an ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (excludable delay caused by a volcanic eruption).

Beginning with General Order 611 on March 17, 2020, the Court has issued several orders addressing the impact of the COVID-19 pandemic on jury trials and courthouse operations. As of this writing, jury trials continue to be suspended "until further notice," and courthouses in the District remain "closed to the public." *See* General Order 618, ¶ 1, 2 (May 13, 2020).

Under the totality of the circumstances, the four-month exclusion here is reasonable. There continues to be uncertainty over when, exactly, jury trials will resume and courthouses in this District will re-open. There continues to be concerns for prospective jurors' health and the ability of the Court to obtain, and maintain, an adequate number of jurors. And given continued COVID restrictions on travel and in-person gatherings, it was reasonable for the Court to allow Weber's counsel additional time for adequate preparation, taking into account the exercise of due diligence. (Dkt. 108). Moreover, a four-month delay would be reasonable even if defendant Keyes's codefendant Weber had not requested additional time for effective preparation: vaccines continued to be rolled out and administered, and within the last week, the White House announced a plan to make all adults eligible for a vaccine by May 1, with the goal of getting the country closer to normal by July 4.[1] Finally, a four-month delay is not "essentially dead time," as defendant Keyes asserts. (Dkt. 115, p. 2). The government and defendants have stipulated to an active pretrial schedule during which exhibit and witness lists will be exchanged and trial briefs will be filed, all by early May. (Dkt. 111).

///
///
///
///
///
///
///
///
///

---

[1] https://www.whitehouse.gov/briefing-room/statements-releases/2021/03/11/fact-sheet-president-biden-to-announce-all-americans-to-be-eligible-for-vaccinations-by-may-1-puts-the-nation-on-a-path-to-get-closer-to-normal-by-july-4th/

Excluding time from April 5, 2021 to August 2, 2021 based on General Order 611 and subsequent orders addressing the impact of the COVID-19 pandemic, defendant Weber's need for additional time to prepare, and the court's previous denial of Keyes's motion to sever is reasonable under the totality of the circumstances, and the ends of justice are served and outweigh the best interest of the public and both defendants in a speedy trial.  The Court should exclude time as to both Weber and Keyes under 18 U.S.C. § 3161(h)(6), (7)(A) and (B)(iv), and General Order 479, Local Code T4.

Dated: March 15, 2021

                                               Respectfully submitted,

                                               */s/ Nolan J. Mayther*
                                               JACKLIN CHOU LEM
                                               CHRISTOPHER J. CARLBERG
                                               NOLAN J. MAYTHER
                                               U.S. Department of Justice
                                               Counsel for the United States

**ORDER**

The Court, having considered the parties' filings, having already denied Keyes's motion to sever, and having already excluded time under the Speedy Trial Act based on defendant Leroy Weber's request for reasonable time necessary for effective preparation—finds for the reasons stated in the United States' motion (Dkt. 114) and reply (Dkt. 116), and for the reasons the Court has previously stated orally on the record, that the ends of justice are served and outweigh the best interest of the public and the defendants in a speedy trial by excluding time through August 2, 2021.  The Court therefore orders that time under the Speedy Trial Act shall be excluded as to both defendants—Kenneth Keyes and Leroy Weber—up to and including August 2, 2021 under 18 U.S.C. § 3161(h)(6), (7)(A) and (B)(iv), and General Order 479, Local Code T4.

IT IS SO ORDERED.

DATED: March 15, 2021

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE